```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
NAHOKO MIZUTA and KENTARO MIZUTA, as
Parents and Natural Guardians of Y.M., and
NAHOKO MIZUTA and KENTARO MIZUTA,
Individually,

                                  Plaintiffs,

-against-

RICHARD CARRANZA, in his official capacity as
Chancellor of the New York City Department of
Education, THE NEW YORK CITY
DEPARTMENT OF EDUCATION, and THE
NEW YORK STATE EDUCATION
DEPARTMENT,

                                  Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/1/2022
```

20 Civ. 6014 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiffs Nahoko Mizuta and Kentaro Mizuta, individually and as parents and guardians of Y.M., a student with a disability, bring this action against Defendants Richard Carranza, in his official capacity as the Chancellor of the New York City Department of Education, the New York City Department of Education, and the New York State Department of Education seeking injunctive relief declaring Y.M.'s right to pendency placement at iBRAIN for the school year 2019 to 2020, under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*. Amend. Compl., ECF No. 23. On March 10, 2021, the parties filed cross-motions for summary judgment. ECF Nos. 39, 43. For the following reasons, the motions are DENIED as moot and the case is DISMISSED.

## BACKGROUND

    At the time this case was filed, Y.M. was a ten-year-old girl with a brain injury necessitating "highly intensive management" of her needs and educational placement to accommodate these needs. Amend. Compl. ¶¶ 7–8; *see also* Application of the Dep't of Educ., Appeal No. 21-056 ("Appeal No.

21-056") at 12 (Apr. 5, 2021), ECF No. 55-1.  Plaintiffs sought to vacate State Review Officer Decision No. 20-039, dated April 1, 2020, and a declaration that Y.M. should have pendency placement at iBRAIN for the 2019–20 school year while her due process complaint was adjudicated, among other relief.  Amend. Compl. at 13; Pls. Mem. at 3, ECF No. 42.  On June 29, 2021, Defendants filed a letter informing the Court that a final decision in the underlying administrative proceeding had been filed.  ECF No. 55.  That decision, dated April 5, 2021, found that Plaintiffs were entitled to reimbursement for Y.M.'s placement at iBRAIN for the 2019–2020 school year.  Appeal No. 21-056 at 24–25.  This reimbursement was paid on July 24, 2021.  Luken Decl. ¶ 23, ECF No. 64.

On October 20, 2021, the Court ordered the parties to file a joint letter on the issue of mootness given the final administrative decision.  ECF No. 57.  Plaintiffs stated that this action is not moot because "a dispute remains whether transportation costs should be included in the award."  ECF No. 60 at 1.  They argued that the transportation costs would be resolved by an action before the Honorable Ronnie Abrams and requested that this Court hold the cross-motions in abeyance.  *Id.* at 2.  Defendants argued that the case before this Court is moot.  *Id.*  On November 9, 2021, the Court then ordered supplemental briefing on the issue of mootness.  ECF No. 61.  The parties maintained their previous positions on mootness.  *See* ECF Nos. 65, 67, 68.

## ANALYSIS

I. Legal Standard

There must be a live case or controversy at all stages of a federal court proceeding to support the court's subject matter jurisdiction.  *See In re Kurtzman*, 194 F.3d 54, 58 (2d Cir. 1999) (per curiam).  If there ceases to be a live case or controversy, the case is rendered moot.  *Id.*  "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."  *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).  When "the parties lack a legally

cognizable interest in the outcome, a case is moot and the federal court is divested of jurisdiction over it." *Catanzano v. Wing*, 277 F.3d 99, 107 (2d Cir. 2001) (citation and quotation marks omitted). Such a case must be dismissed. *See Lillbask v. State of Conn. Dept. of Educ.*, 397 F.3d 77, 84 (2d Cir. 2005).

Courts have dismissed as moot claims brought under the IDEA where an administrative action has granted the plaintiff's requested relief prior to the court's final adjudication. *See, e.g.*, *Ramos v. New York City Dep't of Educ.*, 447 F. Supp. 3d 153, 157–58 (S.D.N.Y. 2020) (collecting cases).

II. Application

In this case, Plaintiffs requested that the Court vacate State Review Officer Decision No. 20-039, dated April 1, 2020, and declare that Y.M. should have pendency placement at iBRAIN for the 2019–2020 school year while her due process complaint was adjudicated. Amend. Compl. at 13. The final administrative decision provides Plaintiffs with the relief they sought. Appeal No. 21-056 at 24. It further ordered that the Department of Education refund Y.M.'s tuition cost in full for the 2019–2020 school year. *Id.* at 25. The Department has complied with that order. Luken Decl. ¶ 23. Issues relating to transportation costs were not pleaded in the complaint in this case. *See generally* Amend. Compl. The transportation issue is before Judge Abrams in *Fatima v. Porter*, No. 21 Civ. 5610 (S.D.N.Y.). *See* ECF No. 60 at 2.

This case is, therefore, moot because "the relief sought . . . is no longer needed" given the final administrative decision. *Martin-Trigona*, 702 F.2d at 386; see *New York Civil Liberties Union v. Grandeau*, 453 F. Supp. 2d. 800, 805 (S.D.N.Y. 2006) ("[I]n connection with the present cross-motions for summary judgment, it is apparent that there is no live case or controversy between the parties and the action must be dismissed as moot.").

## CONCLUSION

Accordingly, the cross-motions for summary judgment are DENIED as moot. Furthermore, the case is DISMISSED. The Clerk of Court is directed to terminate all pending motions and close the case.

SO ORDERED.

Dated: March 1, 2022
       New York, New York

                                                       ANALISA TORRES
                                               United States District Judge