UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAHOKO MIZUTA and KENTARO MIZUTA, as Parents and Natural Guardians of Y.M., and NAHOKO MIZUTA and KENTARO MIZUTA, Individually,

                    Plaintiffs,

-against-

RICHARD CARRANZA, in his official capacity as Chancellor of the New York City Department of Education, THE NEW YORK CITY DEPARTMENT OF EDUCATION, and THE NEW YORK STATE EDUCATION DEPARTMENT,

                    Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/17/2022
```

20 Civ. 6014 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiffs Nahoko Mizuta and Kentaro Mizuta, individually and as parents and guardians of Y.M., a student with a disability, bring this action against Defendants Richard Carranza, in his official capacity as the Chancellor of the New York City Department of Education, the New York City Department of Education, and the New York State Department of Education seeking injunctive relief declaring Y.M.'s right to pendency placement at iBRAIN for the school year 2019 to 2020, under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*. Amend. Compl., ECF No. 23. On March 10, 2021, the parties filed cross-motions for summary judgment. ECF Nos. 39, 43. On March 1, 2022, the Court denied the motions as moot and dismissed the case. Order, ECF No. 69. Plaintiffs now ask the Court to reconsider and vacate the Order, reopen the case, and grant their motion for summary judgment. ECF No. 71. For the following reasons, the motion is DENIED.

**BACKGROUND**

The Court presumes familiarity with the facts and procedural history outlined in the Order and describes them briefly here. Order at 1–2. At the time this case was filed, Y.M. was a ten-year-old girl with a brain injury necessitating "highly intensive management" of her needs and an educational placement to accommodate these needs. Amend. Compl. ¶¶ 7–8; *see also* Application of a Student with a Disability, Appeal No. 21-056 ("Appeal No. 21-056") at 12 (Apr. 5, 2021), ECF No. 55-1. Plaintiffs sought to vacate State Review Officer Decision No. 20-039, dated April 1, 2020 ("April 2020 Decision"), and a declaration that Y.M. should have pendency placement at iBRAIN for the 2019–20 school year while her due process complaint was adjudicated, among other relief. Amend. Compl. at 13; Pls. Mem. at 3, ECF No. 42. The April 2020 Decision reversed a January 21, 2020, pendency order, which directed the Department of Education to pay for special transportation, in addition to tuition. Recon. Mem. at 4–5, ECF No. 72.

On June 29, 2021, Defendants filed a letter informing the Court that a final decision in the underlying administrative proceeding had issued. ECF No. 55. That decision, dated April 5, 2021, found that Plaintiffs were entitled to reimbursement for Y.M.'s placement at iBRAIN for the 2019–2020 school year. Appeal No. 21-056 at 24–25. This reimbursement was paid on July 24, 2021. Luken Decl. ¶ 23, ECF No. 64. Plaintiffs maintained that "a dispute remains whether transportation costs should be included in the award." ECF No. 60 at 1. However, they argued that the transportation costs would be resolved by an action before the Honorable Ronnie Abrams, *Fatima v. Porter*, No. 21 Civ. 5610 (S.D.N.Y.), and requested that this Court hold the cross-motions in abeyance. *Id.* at 1–2. The Court determined that the case was moot because "the relief sought . . . is no longer needed" given the final administrative decision, *Martin-Trigona v. Shiff*, 702 F.2d 380, 386

(2d Cir. 1983), and declined to engage in Plaintiffs' arguments related to transportation costs as they were not pleaded in the operative complaint, *see generally* Amend. Compl. *See* Order.

Plaintiffs now contend that the case pending before Judge Abrams will not resolve the transportation issues. Recon. Mem. at 11. Plaintiffs argue that Defendants contest that the transportation issue is before Judge Abrams. *Id.* at 8, 10–11. They further contend that the transportation issue is properly before this Court in this action. *Id*. at 4–5, 7.

**ANALYSIS**

I. <u>Legal Standard</u>

Under Rule 54 of the Federal Rules of Civil Procedure, the Court has the inherent power to reconsider any of its decisions prior to the entry of a final judgment adjudicating all claims at issue. Fed. R. Civ. P. 54(b); *see also United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982). Reconsideration is warranted where the movant identifies an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *DiLaura v. Power Auth. of N.Y.*, 982 F.2d 73, 76 (2d Cir. 1992) (citation omitted). Motions for reconsideration are not to be used to relitigate old issues, to present new theories, to secure a rehearing on the merits, or to take "a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

There must be a live case or controversy at all stages of a federal court proceeding to support the court's subject matter jurisdiction. *See In re Kurtzman*, 194 F.3d 54, 58 (2d Cir. 1999) (per curiam). If there ceases to be a live case or controversy, the case is rendered moot. *Id*. "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona*, 702 F.2d at 386. When "the parties lack a legally cognizable interest in the outcome, a case is moot and the federal court is divested of jurisdiction over it." *Catanzano v.*

3

*Wing*, 277 F.3d 99, 107 (2d Cir. 2001) (citation and quotation marks omitted).  Such a case must be dismissed.  *See Lillbask v. State of Conn. Dept. of Educ.*, 397 F.3d 77, 84 (2d Cir. 2005).

Courts have dismissed as moot claims brought under the IDEA where an administrative action has granted the plaintiff's requested relief prior to the court's final adjudication.  *See, e.g.*, *Ramos v. New York City Dep't of Educ.*, 447 F. Supp. 3d 153, 157 (S.D.N.Y. 2020) (collecting cases).

II. <u>Application</u>

Plaintiffs contend that the January 21, 2020 pendency order, which directed the Department of Education to pay for special transportation, and was reversed by the April 2020 Decision, was "indirectly at issue in the instant proceeding," and brings the transportation issue within the scope of this case.  Recon. Mem. at 4–5, 15.  Plaintiffs further argue that a January 2, 2021 decision of the administrative body supports their claim for transportation costs.  *Id.* at 7.  Plaintiffs contend that the Court should have understood their request to reverse the April 2020 Decision as a request for transportation costs, Recon. Mem. at 4–5, 15, even though Plaintiffs did not make this argument when the Court ordered briefing on mootness and nothing in the amended complaint would alert the Court that transportation costs were implicitly at issue in the April 2020 Decision, *see generally* ECF No. 67; Amend. Compl.  Raising this theory for the first time on reconsideration is improper. *Analytical Surveys, Inc.*, 684 F.3d at 52.

Further, Plaintiffs, in their complaint, requested judicial intervention "until a final adjudication of the underlying [free appropriate public education] claim is rendered," that the April 2020 Decision be vacated and reversed, and a declaration the Defendants violated Y.M.'s pendency rights.  *See* Recon. Mem. at 14 (quoting Amend. Compl. at 13).  That final decision issued and is preclusive of the April 2020 Decision in that it vacated and reversed the April 2020 Decision, and declared Y.M.'s pendency rights.  *See* ECF No. 64-2.  Therefore, the final decision mooted this lawsuit.

Plaintiffs also argue that because Defendants take the position in *Fatima v. Porter*, No. 21 Civ. 5610 (S.D.N.Y.) that they do not owe transportation costs to Plaintiffs, the issue is not pending in that case. Recon. Mem. at 8, 15–18. The Court disagrees. Defendants' position on transportation costs does not mean it is not at issue in *Fatima*. Transportation costs were pleaded in *Fatima*, not before this Court, and that case is the appropriate forum to litigate issues related to transportation costs.

Plaintiffs fail to raise any facts or arguments overlooked by the Court, and make new arguments which are not properly raised on reconsideration.

## CONCLUSION

Accordingly, Plaintiffs' motion for reconsideration is DENIED. The Clerk of Court is directed to terminate the pending motion at ECF No. 71.

SO ORDERED.

Dated: August 17, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge